RICE and Others *v.* RICE.

Where a judgment upon a divorce was rendered in the Circuit Court for 200 dollars alimony, in addition to one-third of the real estate of the defendant, and on appeal by the defendant to the Supreme Court, the judgment was modified to 3,200 dollars in money, instead of 200 dollars in money and one-third of the real estate, it was *held*, in a suit upon the appeal bond, that the bond was a security for the 200 dollars in money only, of the judgment in the Circuit Court.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—This was a suit by the appellee against the appellants, upon the appeal bond executed by the ap-

pellants for the purpose of appealing the case of *Rice* v. *Rice*, reported in 6 Ind. R. 100, to the Supreme Court. The bond was in the penal sum of 600 dollars, with a condition, in the ordinary form, that the appellants therein should "abide by and pay the judgment and all costs which might be rendered or affirmed against him in the Supreme Court."

Trial by the Court; finding and judgment for the plaintiff for 492 dollars, 68 cents.

A motion for a new trial was made on the ground that the amount found by the Court was "excessive," which was overruled, and this raises the principal question in the case.

It will be seen, by reference to the case of *Rice* v. *Rice*, *supra*, that the judgment in the case below was that the plaintiff therein should recover 200 dollars as alimony, and have one-third of her husband's real estate set off to her. The Supreme Court affirmed the judgment as to the 200 dollars, and reversed that part of it setting off to the plaintiff one-third of the real estate, and directed that the judgment be so modified as to give the plaintiff, in lieu of one-third of the real estate, and in addition to the 200 dollars, 3,000 dollars, one-third of the estimated value of the real estate, deducting incumbrances. The judgment was accordingly modified in the Court below.

The question arises whether the obligors, in the appeal bond, can be held liable for any part of the 3,000 dollars given in lieu of one-third of the real estate We are of opinion that they cannot be so held liable. The judgment for the 200 dollars was affirmed, and for that they are liable, but no judgment for the 3,000 dollars was either affirmed or rendered by the Supreme Court. The Court below was directed to so modify the judgment as to give the plaintiff 3,000 dollars, instead of one-third of the real estate. This was not affirming a judgment for the 3,000 dollars, for no such judgment had been rendered below; nor was it a rendering of judgment for that amount, as the Court below was directed to so render the judgment.

Nov. Term, 1859.

The construction that would hold the obligors liable for the 3,000 dollars, would make their liability greater than if the judgment had been entirely affirmed. The judgment in respect to the real estate, was simply that it be set off to her, &c. Had this judgment been affirmed, it is difficult to perceive how the obligors could have been liable on the bond, either for the land or its value.

It appeared on the trial that 50 dollars had been paid on the judgment, also the costs of the suit, except 5 dollars, 76 cents. It is evident that the judgment herein was for considerably too much, and the motion for a new trial should have prevailed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*L. Chamberlin*, for the appellants.

*D. D. Pratt*, for the appellee.